Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ernest O. Ryan
Susan R. Ryan**
Debtor(s)

Bankruptcy Case No.: 15–21019–GLT
Issued Per the April 27, 2015 Proc.
Chapter: 13
Docket No.: 19 – 5
Concil. Conf.: September 24, 2015 at 01:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* **PLAN CONFIRMATION:**

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 10, 2015, is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Sep. 24, 2015 at 01:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 2 by American Honda and Claim No. 3 by M and T Bank .

☑ H.   Additional Terms: The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase in the amount projected in the Plan.

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**     **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**     **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**     **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**     **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**     **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)  IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: April 30, 2015

cc: All Parties in Interest to be served by Clerk in seven (7) days

# Notice Recipients

District/Off: 0315−2          User: ctak          Date Created: 4/30/2015
Case: 15−21019−GLT          Form ID: 149          Total: 31

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
cr          Duquesne Light Company
cr          M&T Bank as servicer for Lakeview Loan Servicing LLC

TOTAL: 2

**Recipients of Notice of Electronic Filing:**
ust          Office of the United States Trustee          ustpregion03.pi.ecf@usdoj.gov
tr          Ronda J. Winnecour          cmecf@chapter13trusteewdpa.com
aty          Andrew F Gornall          agornall@goldbecklaw.com
aty          Kenneth M. Steinberg          julie.steidl@steidl−steinberg.com
aty          Peter J. Ashcroft          pashcroft@bernsteinlaw.com

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Ernest O. Ryan          9033 Maple Street          Pittsburgh, PA 15239
jdb          Susan R. Ryan          9033 Maple Street          Pittsburgh, PA 15239
14027923          American Honda Finance Corporation          National Bankruptcy Center          P.O. Box 168088          Irving, TX 75016−8088          866−716−6441
14017464          Capital One Bank          PO Box 71083          Charlotte, NC 28272
14017465          Care Credit/Synchrony Bank          PO Box 960061          Orlando, FL 32896−0061
14017466          Chase/Slate          PO Box 15153          Wilmington, DE 19886−5153
14017467          Credit Management          P.O. Box 16346          Pittsburgh, PA 15242
14017468          Credit One Bank          P.O. Box 60500          City of Industry, CA
14017469          Duquesne Light Company          PO Box 61          Pittsburgh, PA 15267
14017470          Honda Financial Services          PO Box 7829          Philadelphia, PA 19101
14017471          I Care Medical LLC          PO Box 5657          Johnstown, PA 15904
14017472          JCP/Sychrony Bank          PO Box 960090          Orlando, FL 32896
14017473          Juniper/Barclays          PO Box 13337          Philadelphia, PA 19101
14031939          Lakeview Loan Servicing LLC          M&T BANK          PO BOX 1288          Buffalo, NY 14240
14017474          M&T Bank          PO Box 62182          Baltimore, MD 21264
14017475          Paypal          2211 North First Street          San Jose, CA 95131
14022128          Pennsylvania Department of Revenue          Bankruptcy Division PO BOX 280946          Harrisburg, PA 17128−0946
14017476          Peoples          PO Box 747105          Pittsburgh, PA 15274
14017477          Premier Medical Associates          PO Box 644985          Pittsburgh, PA 15264
14017478          Sam's Club/Sychrony Bank          PO Box 530942          Atlanta, GA 30353−0942
14017479          The Afffiliated Group          3055 41st NW, Suite 100          Rochester, MN 55901
14017480          Verizon          PO Box 920041          Dallas, TX 75392
14017481          Wal−Mart/Synchrony Bank          PO Box 530927          Atlanta, GA 30353−0927
14017482          Wal−Mart/Synchrony Bank          PO Box 965024          Orlando, FL 32896

TOTAL: 24